Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
301 West Northern Lights Blvd. Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264.3325
Telephone: 90-.264.3303
Facsimile: 907-276.2631
jamiesonb@lanepowell.com
baylousm@lanepowell.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| INTERNATIONAL LEASE FINANCE CORPORATION AND WILMINGTON TRUST SP SERVICES (DUBLIN) LIMITED, not in its individual capacity but solely as owner trustee,<br><br>Plaintiffs,<br><br>v.<br><br>JSC "AIR COMPANY YAKUTIA",<br><br>Defendant. | Case No. 3:13-cv_____<br><br>**VERIFIED COMPLAINT** |

Plaintiffs International Lease Finance Corporation ("ILFC") and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, ("Wilmington") (together "Plaintiffs"), by and through their attorneys Lane Powell LLC, state their Complaint against Defendant JSC "Air Company Yakutia" ("Yakutia") as follows:

**NATURE OF ACTION**

1.  Yakutia, a Russian airline, leased two aircraft (collectively the "Aircraft" defined individually below) from Wilmington subject to certain lease agreements (together, the "Leases" defined individually below). This lawsuit arises out of Yakutia's failure and continuing refusal to pay rents and other amounts due under the Leases and to provide information regarding the Aircraft as required by the Leases. Yakutia has materially defaulted under the Leases, and

remains in material default despite Plaintiffs' demands for cure. On information and belief, Yakutia has recently operated the Aircraft on a route that is scheduled to arrive at Ted Stevens Anchorage International Airport in the morning of September 26, 2013. Plaintiffs seek a temporary restraining order and preliminary injunction enforcing Plaintiffs' rights under the Leases to ground and otherwise prohibit Yakutia's use of the Aircraft until such time as Plaintiffs are satisfied that Yakutia's defaults have been cured or until such time as Plaintiffs pursue the other remedies (including without limitation immediate repossession and/or termination of the Leases) afforded them pursuant to the Leases. Plaintiffs also seek money damages in an amount equal to the payments and interest owed under the Leases, which as of September 20, 2013, is in excess of $2,652,612.04, as well as other relief to which they are entitled.

## PARTIES

2. ILFC is a California corporation whose address is 10250 Constellation Blvd., 34th Fl., Los Angeles, California, 90067, U.S.A. ILFC is in the business of owning and leasing aircraft to airlines and other third parties, and servicing the leasing of aircraft owned by its subsidiaries and affiliates. ILFC is the beneficial owner of the Aircraft and acts as a Servicer under the Leases.

3. Wilmington is a company duly incorporated under the laws of Ireland (registered number 318390), whose address is 7 Exchange Place, IFSC, Dublin 1, Ireland. Wilmington is in the business of, among other things, acting as trustee for the beneficial owners of aircraft, the duties of which include leasing aircraft to airline companies.

4. On information and belief, Yakutia is a Russian company whose principal place of business is at 9 Bykovskogo Street, Yakutsk, 677014, Russian Federation. On information and belief, between June 27, 2013 and September 26, 2013, Yakutia operates weekly flights between Petropavlosk-Kamchatskiy, Russia, and Ted Stevens Anchorage International Airport.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 USC §1332(a)(2) and (3) because this is a dispute between citizens of a State and citizens of a foreign state, and in which citizens of a foreign state are additional parties. The amount in controversy exceeds the sum or value of $75,000. Venue is proper under 28 USC §1391(b)(2), as substantial property that is the subject of this action is or will be situated in the District of Alaska.

Verified Complaint
International Lease Finance Corporation and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, v. JSC "Air Company Yakutia"
(Case No. 3:13-cv-_____)                                                      Page 2 of 6

Case 3:13-cv-00184-SLG   Document 1   Filed 09/23/13   Page 2 of 6

6. Pursuant to the Leases, Yakutia has submitted to personal jurisdiction in the courts of any jurisdiction to which it flies the Aircraft or in which the Aircraft is located.

## FIRST CAUSE OF ACTION
### (Breach of 32797 Lease)

7. Wilmington holds legal title to a Boeing 737-800 aircraft bearing manufacturer's serial number 32797 and Bermuda registration mark VP-BEP, together with two CFM56-7B26 engines (the "32797 Aircraft").

8. On or about April 20, 2012, Wilmington and Yakutia entered into an Aircraft Lease Agreement (the "32797 Lease"), whereby Yakutia agreed to lease the 32797 Aircraft for a term commencing on June 1, 2012, and ending on May 31, 2019.

9. ILFC is the beneficial owner of the 32797 Aircraft. ILFC also acts as Servicer of the 32797 Aircraft and the 32797 Lease. In its function as Servicer, ILFC, among other things, communicates directly with Yakutia and ensures that payments are timely made under the Leases.

10. Pursuant to the 32797 Lease, among other things, Yakutia agreed to pay base rent; to pay supplemental rent in the form of maintenance reserves; and to pay, as supplemental rent, default interest on all late payments due under the lease, calculated at a per annum rate equal to five percent plus the prime rate, from the date upon which such payment was due through the date on which such payment was received.

11. Yakutia has failed to make payments as required under the 32797 Lease on more than one occasion. As of September 20, 2013, Yakutia has failed to pay rent, maintenance reserves, default interest and other amounts due and owing under the 32797 Lease in an amount exceeding $1,300,000. On Friday, September 20, 2013, ILFC delivered a written demand for immediate payment of all payments due. Yakutia has not made any payment since such demand.

12. Further, the 32797 Lease required Yakutia to provide, upon the one year anniversary of the delivery date, a Technical Evaluation Report that outlines the technical status and condition of the 32797 Aircraft. Yakutia was required to provide the Technical Evaluation Report on or about June 1, 2013, but failed to do so.

13. By its failure to make payments, Yakutia materially breached the 32797 Lease.

Verified Complaint
International Lease Finance Corporation and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, v. JSC "Air Company Yakutia"
(Case No. 3:13-cv-_____) Page 3 of 6

Case 3:13-cv-00184-SLG   Document 1   Filed 09/23/13   Page 3 of 6

14. In the event of default, Wilmington may, among other things: (1) terminate the lease; (2) require grounding of the 32797 Aircraft; (3) require Yakutia to move the 32797 Aircraft to a location designated by Wilmington; (4) take possession of the 32797 Aircraft; and/or (5) proceed to enforce the lease or recover damages for breach of the lease.

15. For its failure to make payments, Yakutia is liable to Wilmington in an amount not less than $1,300,000, plus interest at the rate specified in the lease. In addition, under the 32797 Lease, Wilmington is entitled to recover its reasonable attorney fees and costs incurred in this action, plus post judgment interest.

16. Wilmington has repeatedly demanded, through its servicer ILFC, orally and in writing, that Yakutia correct its breaches and pay the amounts due under the 32797 Lease. Yakutia has failed to do so.

## SECOND CAUSE OF ACTION
### (Breach of 30642 Lease)

17. Wilmington holds legal title to a Boeing 737-700 aircraft bearing manufacturer's serial number 30642 and Bermudan registration mark VP-BIB, together with two CFM56-7B22 engines (the "30642 Aircraft").

18. On or about July 2, 2012, Wilmington and Yakutia entered into an Aircraft Lease Agreement (the "30642 Lease"), whereby Yakutia agreed to lease the 30642 Aircraft for a term commencing on July 5, 2012, and ending on July 4, 2019.

19. ILFC is the beneficial owner of the 30642 Aircraft. ILFC also acts as Servicer of the 30642 Aircraft and the 30642 Lease. In its function as Servicer, ILFC, among other things, communicates directly with Yakutia and ensures that payments are timely made under the Leases.

20. Pursuant to the 30642 Lease, among other things, Yakutia agreed to pay base rent; to pay supplemental rent in the form of maintenance reserves; and to pay, as supplemental rent, default interest on all late payments due under the lease, calculated at a per annum rate equal to five percent plus the prime rate, from the date upon which such payment was due through the date on which such payment was received.

21. Yakutia has failed to make required payments under the 30642 Lease on more than one occasion. As of September 20, 2013, Yakutia has failed to pay rent, maintenance

**Verified Complaint**
**International Lease Finance Corporation and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, v. JSC "Air Company Yakutia"**
(Case No. 3:13-cv-_____) Page 4 of 6

Case 3:13-cv-00184-SLG   Document 1   Filed 09/23/13   Page 4 of 6

reserves, default interest and other amounts due and owing under the 30642 Lease in an amount exceeding $1,200,000. On Friday, September 20, 2013, ILFC delivered a written demand for immediate payment of all payments due. Yakutia has not made any payment since such demand.

22. Further, the 30642 Lease required Yakutia to provide, upon the one year anniversary of the delivery date, a Technical Evaluation Report that outlines the technical status and condition of the 30642 Aircraft. Yakutia was required to provide the Technical Evaluation Report on or about July 5, 2013, but has failed to do so.

23. By its failure to make payments, Yakutia materially breached the 30642 Lease.

24. In the event of default, Wilmington may, among other things: (1) terminate the lease; (2) require grounding of the 30642 Aircraft; (3) require Yakutia to move the 30642 Aircraft to a location designated by Wilmington; (4) take possession of the 30642 Aircraft; and/or (5) proceed to enforce the lease or recover damages for breach of the lease.

25. For its failure to make payments, Yakutia is liable to Wilmington in an amount not less than $1,200,000, plus interest at the rate specified in the lease. In addition, under the 30642 Lease, Wilmington is entitled to recover its reasonable attorney fees and costs incurred in this action, plus post judgment interest.

26. Wilmington has repeatedly demanded, through its servicer ILFC, orally and in writing, that Yakutia correct its breaches and pay the amounts due under the 30642 Lease. Yakutia has failed to do so.

## RELIEF REQUESTED

NOW WHEREFORE, Plaintiffs request the following relief;

1. For damages in excess of $2,652,612.04, according to proof;

2. For a temporary restraining order and preliminary injunction requiring Yakutia immediately to (a) cease operating whichever of the 32797 Aircraft (Registration Mark VP-BEP) and the 30642 Aircraft (Registration Mark VP-BIB) as may land at Ted Stevens Anchorage International Airport (or any other location within the jurisdiction of this court), currently scheduled for Thursday, September 26, 2013, and the Aircraft shall not depart TSAIA until further order of the court; (b) refrain from removing from the Aircraft any records, documents, equipment, parts or other items that constitute property of Wilmington or are necessary for the lawful operation of the Aircraft, and require any employees or agents of

Verified Complaint
International Lease Finance Corporation and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, v. JSC "Air Company Yakutia"
(Case No. 3:13-cv-_____)                                                                 Page 5 of 6

Case 3:13-cv-00184-SLG   Document 1   Filed 09/23/13   Page 5 of 6

Yakutia within the jurisdiction of this court who possess such items to place them with or inside the Aircraft immediately; and (c) remove all Yakutia employees and agents from such Aircraft and prevent all such persons from coming within 100 feet of the Aircraft;

3. For costs of suit, including reasonable attorney's fees;

4. For pre and post judgment interest; and

5. For any other relief to which Plaintiffs may be entitled or the court deems proper and just.

DATED this 23rd day of September, 2013.

LANE POWELL LLC
Attorneys for Plaintiffs

By /s Brewster H. Jamieson
Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022

## VERIFICATION

I, David Beker, am fully authorized, on behalf of International Lease Finance Corporation, and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, to make this verification. The facts set forth in the foregoing Verified Complaint are within my personal knowledge and drawn from pertinent business records maintained by ILFC in the ordinary course of business, and I am informed and believe that all of the facts in the foregoing Verified Complaint are true and correct. I verify under the penalty of perjury that the foregoing is true and correct.

EXECUTED on September 23, 2013.

Signature: /David E Beker/

127509.0002/5824726.1

**Verified Complaint**
**International Lease Finance Corporation and Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as owner trustee, v. JSC "Air Company Yakutia"**
**(Case No. 3:13-cv-_____)** Page 6 of 6

Case 3:13-cv-00184-SLG   Document 1   Filed 09/23/13   Page 6 of 6